UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE ALFARO VILLARREAL,<br><br>    Petitioner,<br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>    Respondents. | Civil No. 07CV1715 JAH(POR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[28 U.S.C. § 2241]** |

## **INTRODUCTION**

Petitioner Rene Alfaro Villareal ("petitioner"), through counsel, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking release from detention by the Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE"). Respondents have filed a return to the petition. After a careful consideration of the pleadings and relevant exhibits submitted by the parties, and for the reasons set forth below, this Court DENIES the petition in its entirety.

//
//
//
//
//
//

## BACKGROUND

Petitioner claims he was born in Gilroy, California on August 13, 1972, of parents who are citizens of Mexico and who returned to Mexico when petitioner was two years old. Doc. # 4[1] at 2. Thus, petitioner claims he is a United States citizen and has used his birth certificate as means of entry into the United States from Mexico since he was twenty years old. Id. at 2-3. In January 1999, petitioner was detained at the San Clemente border checkpoint, at which time petitioner signed an agreement to be voluntarily returned to Mexico, indicating that he had made a false claim to United States citizenship. Id. at 3. On August 3, 2007, petitioner was again detained by ICE on the grounds that he was making a false claim to citizenship and was subsequently placed in removal proceedings. Id.

The instant petition was filed on August 30, 2007. Pursuant to this Court's direction, petitioner filed a clarifying brief in support of his petition on September 10, 2007. Respondents filed a return to the petition on October 26, 2007. Petitioner did not file a traverse within the time frame permitted to do so.

## DISCUSSION

Petitioner seeks release from custody on the grounds that respondents have violated the Immigration and Nationality Act by detaining a United States citizen under INA § 235(b)(1) and have violated petitioner's right to due process of law by failing to grant him release on bond pending the removal proceedings. *See* Doc. # 4 at 6. In response, respondents contend that (1) this Court lacks jurisdiction to review the Department of Homeland Security's determination to commence removal proceedings; (2) petitioner has had notice and ample opportunity to be heard on his citizenship claim before the immigration court; and (3) this Court is statutorily precluded from reviewing petitioner's citizenship claim because the claim has been presented as a defense in his removal

---

[1] The original petition filed in this Court failed to include enough information for the Court to proceed on the merits of petitioner's claims. *See* Doc. # 1. Thus, this Court directed petitioner to file a brief explaining, in detail, plaintiff's allegations and supporting authority for the allegations. *See* Doc. # 3. Accordingly, all references to the facts herein are taken from petitioner's brief in support of the petition filed pursuant to this Court's direction.

1 proceedings, Doc. # 7 at 1-2.  In addition, respondents claim petitioner has failed to
2 exhaust his administrative remedies required to bring suit before this Court.[2]  Id. at 2.

3       This Court finds it lacks jurisdiction to review the Department of Homeland
4 Security's decision to instigate removal proceedings against petitioner and to release
5 petitioner on bond pending those proceedings.  *See* 8 U.S.C. § 1252(g); Reno v. American-
6 Arab Anti-Discrimination Committee, 525 U.S. 471 (1999).  This Court further finds that
7 petitioner's due process claim lacks merit, in that, based on a review of the record
8 presented, it appears petitioner has had notice and opportunity to be heard on his
9 citizenship claim and his request for bond during the proceedings before the immigration
10 court.

11       In addition, this Court finds that, insofar as petitioner seeks this Court's
12 intervention on his citizenship claim, such intervention is statutorily precluded.  *See* 8
13 U.S.C. § 1503(a)(declaratory judgment action cannot be instituted if nationality is at issue
14 in removal proceedings); Chau v. I.N.S., 247 F.3d 1026, 1028 n.2 (9th Cir. 2001) ("once
15 removal proceedings have been initiated, a petition for review ... is the only avenue by
16 which a person may seek a judicial determination of his or her status as a national of the
17 United States.").  Thus, although petitioner is certainly entitled to review of his claim to
18 United States citizenship, this Court may not interfere with ongoing removal proceedings
19 and any final determination of such proceedings will be conducted by the Ninth Circuit.
20 *See* Rivera v. Ashcroft, 394 F.3d 1129, 1136 (9th Cir. 2005); 8 U.S.C. §§ 1252(a)(1)
21 & (a)(5). Therefore, this Court finds the instant petition must be DENIED in its entirety.
22 //
23 //
24 //
25 //
26 //
27

28     [2] Because this Court finds it lacks jurisdiction over petitioner's claim, this Court does not reach the issue of exhaustion of administrative remedies.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED in its entirety.**

Dated:   April 21, 2008

*[signature]*

JOHN A. HOUSTON
United States District Judge